UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAIANOV NIKITA,

Petitioner,

v. Case No. 3:26-cv-1041-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY and
U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Daianov Nikita, an immigration detainee, is proceeding on a pro se Petition for Writ of Habeas Corpus (Doc. 1). Nikita, a citizen of Russia, was paroled into the United States on July 11, 2022. Doc. 6-2 at 1. United States Immigration and Customs Enforcement detained Nikita on November 12, 2025. Doc. 6-10 at 1. An immigration judge ordered him removed to Russia on March 3, 2026, Doc. 6-6 at 3–4; and, he has a pending appeal of the removal

order,[1] Doc. 10-4 at 1–2. Nikita challenges his immigration detention and seeks immediate release.[2] See Doc. 1 at 6–8.

The Federal Respondent filed a Response (Doc. 10) asserting that it is now detaining Nikita under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Nikita was detained in November 2025, he was not seeking entry at the border; therefore, as the Federal Respondent now concedes, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of

[1] Nikita does not yet have a final order of removal because an appeal of the order is pending. See 8 U.S.C. § 1101(a)(47)(B)(i) ("The order [of removal] . . . shall become final upon . . . a determination by the Board of Immigration Appeals affirming such order[.]").

[2] The Federal Respondent understands the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 10. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Nikita's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[3] Within **seven days** of this Order, Respondents shall either afford Nikita an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[4] or release him. If Respondents release Nikita, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

---

[3] Because the Court finds that Nikita is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Nikita is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/18
c:
Daianov Nikita, #A249689427
Counsel of Record